```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                           ATLANTA DIVISION


IN RE: PAULA YVETTE WILKINS,   {   CHAPTER 13
                               {
                               {   CASE NO. A17-69258-BEM
        DEBTOR                 {
                               {   JUDGE ELLIS-MONRO
```

### CHAPTER 13 TRUSTEE'S SUPPLEMENTAL OBJECTION TO CONFIRMATION, MOTION TO DISMISS CASE WITH PREJUDICE AND NOTICE OF HEARING

COMES NOW, Mary Ida Townson, Chapter 13 Trustee herein, and files herewith her Supplemental Objection to Confirmation and Motion to Dismiss Case with Prejudice, and as grounds shows the Court as follows:

**PLEASE TAKE NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR(S) WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

**THE FAILURE OF THE DEBTOR(S) TO APPEAR AT THE HEARING ON THIS MOTION TO DISMISS MAY BE CONSIDERED BY THE COURT AS EVIDENCE OF DEBTOR(S) WILLFUL FAILURE TO APPEAR BEFORE THE COURT IN PROPER PROSECUTION OF THE CASE WITHIN THE MEANING OF 11 U.S.C. SECTION 109(g) OF THE BANKRUPTCY CODE.**

### SUPPLEMENTAL OBJECTIONS TO CONFIRMATION

1. The Debtor(s) Plan does not comply with the provisions of the Bankruptcy Code in that:

   a) The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

   b) The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. Section 1325(b)(1)(B).


Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
brandik@atlch13tt.com

    c)  The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

    d)  All prior bankruptcy cases of the Debtor(s), or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

    e)  Pursuant to information received from the Meeting of Creditors, 2016 tax return(s) have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Section 1322(d) and 1325(a)(6).

    f)  The Chapter 13 petition and schedules fail to disclose a retirement account, in violation of 11 U.S.C. Section 521.

    g)  Pursuant to the Debtor's testimony, the monthly expenses for homeowner's insurance that is escrowed and her mortgage are less than that reflected on Schedule J so that the Debtor has $290.00 per month in additional disposable income to contribute to the plan. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

    h)  The Debtor(s)' Chapter 13 plan and schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. Sections 1322(d) and 1325(a)(6); specifically, Sections 2.4, 5.1 and 8.1 of the Debtor's Chapter 13 plan are not checked. The plan should be amended to treat the mortgage and the homeowner's association creditors under Section 3.1.

    i)  The Debtor's Schedule I reflects a contribution from the Debtor's mother of $2,000.00 per month. The trustee requests documentation regarding this contribution. If the contribution is from rental income, the trustee requests documentation such as a copy of the written lease. 11 U.S.C. Section 1325(a)(6).

    j)  The proposed plan fails to provide for the treatment of United Consumer Financial Services.  However, said creditor has filed a secured claim.

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
brandik@atlch13tt.com

      k)  Pursuant to information received from the Internal Revenue Service, 2011, 2012 and 2016 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

      l)  The Chapter 13 Plan is not feasible as the sum of the equal monthly payments to creditors is greater than the monthly plan payment, in violation of 11 U.S.C. Section 1325(a)(6).

      m)  The payout of the claim(s) owed to Rushmore Loan Management Services will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

      n)  The Debtor has filed four (4) previous bankruptcy case(s) to-wit: first case A13-52495-BEM filed February 5, 2013, dismissed March 15, 2013, second case A13-62315-BEM filed June 3, 2013, dismissed August 14, 2013, third case A15-61441-BEM filed June 22, 2015, dismissed November 5, 2015 and fourth case A16-56030-BEM filed April 4, 2016 and dismissed May 12, 2017.

## MOTION TO DISMISS CASE WITH PREJUDICE

      1.  The Plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

      2.  The Debtor(s)' plan does not provide for payment of all of the Debtor(s)' disposable income to the Trustee for thirty-six (36) or more months as required by 11 U.S.C. Section 1325(b)(1)(B).

      3.  The Debtor(s) has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i).

      4.  All prior bankruptcy cases of the Debtor(s), or pending related bankruptcy cases, may not have been disclosed; thereby, indicating a lack of good faith in proposing the instant repayment plan, possibly in violation of 11 U.S.C. Section 1325(a)(3).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
brandik@atlch13tt.com

5.   Pursuant to information received from the Meeting of Creditors, 2016 tax return(s) have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Section 1322(d) and 1325(a)(6).

6.   The Chapter 13 petition and schedules fail to disclose a retirement account, in violation of 11 U.S.C. Section 521.

7.   Pursuant to the Debtor's testimony, the monthly expenses for homeowner's insurance that is escrowed and her mortgage are less than that reflected on Schedule J so that the Debtor has $290.00 per month in additional disposable income to contribute to the plan. 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

8.   The Debtor(s)' Chapter 13 plan and schedules are inaccurate and/or incomplete; the Trustee is unable to determine either the duration or feasibility of the proposed plan.  11 U.S.C. Sections 1322(d) and 1325(a)(6); specifically, Sections 2.4, 5.1 and 8.1 of the Debtor's Chapter 13 plan are not checked. The plan should be amended to treat the mortgage and the homeowner's association creditors under Section 3.1.

9.   The Debtor's Schedule I reflects a contribution from the Debtor's mother of $2,000.00 per month. The trustee requests documentation regarding this contribution. If the contribution is from rental income, the trustee requests documentation such as a copy of the written lease. 11 U.S.C. Section 1325(a)(6).

10.  The proposed plan fails to provide for the treatment of United Consumer Financial Services.  However, said creditor has filed a secured claim.

11.  Pursuant to information received from the Internal Revenue Service, 2011, 2012 and 2016 tax returns have not been provided to the taxing authorities; thereby, preventing the Chapter 13 Trustee from evaluating the feasibility of the Chapter 13 plan, in violation of 11 U.S.C. Sections 1322(d) and 1325(a)(6).

12.  The Chapter 13 Plan is not feasible as the sum of the equal monthly payments to creditors is greater than the monthly plan payment, in violation of 11 U.S.C. Section 1325(a)(6).

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
brandik@atlch13tt.com

13. The payout of the claim(s) owed to Rushmore Loan Management Services will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

14. The Debtor(s) has filed four (4) recent Chapter 13 case(s), each of which was dismissed by the Court. Said case(s) are as follows:

    a) Debtor's first case A13-52495-BEM filed February 5, 2013, dismissed March 15, 2013,

    b) Debtor's second case A13-62315-BEM filed June 3, 2013, dismissed August 14, 2013,

    c) Debtor's third case A15-61441-BEM filed June 22, 2015, dismissed November 5, 2015 and

    d) Debtor's fourth case A16-56030-BEM filed April 4, 2016 and dismissed May 12, 2017.

The Debtor(s) conduct in this and the previous cases demonstrates that the Debtor(s) has filed this case without any intention of properly prosecuting this case and has failed to appear before the Court in proper prosecution of this case within the meaning of 11 U.S.C. Section 109(g).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor(s)' plan, and to dismiss the case pursuant to 11 U.S.C. Section 105(a) and Section 109(g), thereby rendering the Debtor(s) ineligible from re-filing another Chapter 13 case for one hundred eighty (180) days; or in the alternative, convert this case to one under Chapter 7.

                                      Respectfully submitted:

                                      _____/s/_____
                                      Brandi L. Kirkland, Attorney
                                      for Chapter 13 Trustee
                                      GA Bar No. 423627 or
                                      Albert C. Guthrie, Attorney
                                      For Chapter 13 Trustee
                                      GA BAR No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
brandik@atlch13tt.com

**NOTICE OF HEARING ON TRUSTEE'S MOTION TO DISMISS**

    **PLEASE TAKE NOTE THAT THE WITHIN AND FOREGOING MOTION TO DISMISS CASE WITH PREJUDICE SHALL BE HEARD BY THE COURT IN CONNECTION WITH THE REGULARLY SCHEDULED CONFIRMATION HEARING AT THE FOLLOWING PLACE AND TIME:**

    **DATE:**      **MARCH 20, 2018**
    **TIME:**      **1:00 P.M.**
                    **UNITED STATES BANKRUPTCY COURT**
                      **75 TED TURNER DRIVE, S.W.**
                      **COURTROOM 1402**
                      **ATLANTA, GA  30303-3311**

    **PLEASE TAKE FURTHER NOTICE THAT A DISMISSAL OF THIS CASE WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTION 109(g) WILL MEAN THAT THE DEBTOR(S) WILL NOT BE PERMITTED TO FILE ANOTHER CASE UNDER CHAPTER 13 FOR A PERIOD OF 180 DAYS FOLLOWING THE DATE UPON WHICH THIS CASE IS DISMISSED.**

    **THE FAILURE OF THE DEBTOR(S) TO APPEAR AT THE HEARING ON THIS MOTION TO DISMISS MAY BE CONSIDERED BY THE COURT AS EVIDENCE OF DEBTOR(S) WILLFUL FAILURE TO APPEAR BEFORE THE COURT IN PROPER PROSECUTION OF THE CASE WITHIN THE MEANING OF 11 U.S.C. SECTION 109(g) OF THE BANKRUPTCY CODE.**

                                        Respectfully submitted:

                                        _____/s/_____
                                        Brandi L. Kirkland, Attorney
                                        for Chapter 13 Trustee
                                        GA Bar No. 423627 or
                                        Albert C. Guthrie, Attorney
                                        For Chapter 13 Trustee
                                        GA BAR No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
brandik@atlch13tt.com

A17-69258-BEM

**CERTIFICATE OF SERVICE**

      This is to certify that I have this day served

DEBTOR(S):

PAULA YVETTE WILKINS
3500 DAVIS BLVD.
ATLANTA, GA 30349

ATTORNEY FOR DEBTOR(S):

SLIPAKOFF & SLOMKA, PC
OVERLOOK III - SUITE 1700
2859 PACES FERRY RD, SE
ATLANTA, GA 30339

in the foregoing matter with a copy of this pleading by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

This 28th day of February 2018

_____/s/_____
Brandi L. Kirkland, Attorney
for Chapter 13 Trustee
GA Bar No. 423627 or
Albert C. Guthrie, Attorney
For Chapter 13 Trustee
GA BAR No. 142399

Mary Ida Townson, Chapter 13 Trustee
Suite 2200 – 191 Peachtree Street, N.E.
Atlanta, GA 30303-1740
(404) 525-1110
brandik@atlch13tt.com